UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12066-RWZ

BRADLEY ALESHIRE

v.

WELLS FARGO HOME MORTGAGE, INC., F/K/A/ WACHOVIA MORTGAGE FSB, F/K/A/WORLD SAVINGS BANK, FSB

ORDER

September 30, 2011

ZOBEL, D.J.

**I. Background**

According to the First Amended Complaint, plaintiff, Bradley S. Aleshire, is a 29 year old college student who resides in Florida. In August 2004, he purchased real property at 95 Chippy Lane, Methuen, MA and at the same time obtained a mortgage from World Savings Bank, FSB.[1] He paid the mortgage for several years. However, in the fall of 2008, he rented the property and in the spring of 2009, his tenant ceased paying the rent and at some point plaintiff ceased paying the mortgage. Between late October/early November 2009 and September 2, 2010, a number of events occurred. In September 2009, the Bank commenced a foreclosure proceeding in the Land Court.

---

[1] The complaint names as defendant Wells Fargo Home Mortgage, Inc., F/K/A Wachovia Mortgage FSB, F/K/A World Savings Bank, FSB. As a result of several mergers, the successor to World Savings Bank, FSB, and correct defendant, is Wells Fargo Bank, N.A. (hereinafter collectively referred to as "the Bank").

Although plaintiff was contacted by counsel for the Bank in late 2009, he alleges that he learned of the commencement of the proceedings in February/March 2010, by notice from the Land Court asking whether he was in the military. At about that time he began to assemble documents necessary to a request for loan modification.

There followed many communiqués between plaintiff and his counsel on one hand and the Bank and its counsel on the other, although, as is endemic to these cases, the flow of calls, requests and notices appears to have been largely from plaintiff's side to defendant's. Nonetheless, in May 2010, plaintiff did submit a request for modification. In the meantime, defendant continued foreclosure proceedings. A default judgment was entered in the Land Court which the Court vacated on June 7, 2010, because plaintiff had not been properly served. The Bank started over and on August 6, 2010, the Land Court entered judgment for entry and sale. Plaintiff was represented during this phase of the proceedings.

A foreclosure sale, scheduled for July 29, 2010, was postponed to September 2, 2010 by agreement of the parties to permit consideration of plaintiff's application for loan modification. The application was denied on September 1, 2010, and the foreclosure sale took place on September 2, 2010, after the Superior Court declined to act on plaintiff's motion to enjoin the sale in view of the pending Land Court proceedings. On November 15, 2010, plaintiff filed an amended complaint[2] (Docket # 1 Ex. A) and on November 30, 2010, the Bank removed the case to this court (Docket #

---

[2] The original complaint was not a complaint, but a motion for an injunction.

1). It has now moved to dismiss the First Amended and Verified Complaint under Fed. R. Civ P. 12(b)(6) and 9(b) (Docket # 8).

**II. Analysis**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts pleaded must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. Id. When ruling on a motion to dismiss, the court may consider documents incorporated by reference in the complaint, matters susceptible to judicial notice, and matters of public record, such as documents from prior state court adjudications. Giragosian v. Ryan, 547 F.3d 59, 65-66 (1st Cir. 2008) (internal quotation marks omitted).

The complaint spans 76 pages with 185 paragraphs and asserts 17 counts. The two underlying factual charges are that the Bank failed to send its notices to plaintiff's Florida address although he repeatedly advised the Bank thereof,[3] and that it was

---

[3] Much of the conduct described occurred prior to June 7, 2010, when the Land Court vacated a default judgment against plaintiff for lack of proper service, and after which the foreclosure sale was postponed, first to July 29 and then to September 2, 2010. Thus, plaintiff has suffered no injury from the Bank's alleged failure to send

unresponsive to his notices, requests, applications, and demands. In the end, this is a far less complex case than the prolix and fanciful complaint suggests; counsel serves neither the interest of the client nor the court by such an excessive and improper pleading.

Given the complaint's length and redundancy, it is not necessary to recite the specific failings of each count. Several examples suffice to demonstrate the complaint's myriad deficiencies.

Counts 1, 2, and 3 rely on the same alleged conduct by the Bank and purport to assert, respectively, claims for breach of contract, negligent breach of contract,[4] and breach of the covenant of good faith and fair dealing. Each count alleges that the Bank had a duty under the mortgage to "permit [plaintiff] every opportunity available to salvage the Mortgage" (Docket # 1 Ex. A at ¶¶ 82, 90, 97) through reinstatement, loan modification, and refinancing, among other things. No such duty exists, either at common law[5] or by the terms of the loan or mortgage (Docket # 9 Ex. A and B).

Count 17, which purports to state a claim for "statutory violations," merely incorporates every allegation in the preceding 181 paragraphs, states plaintiff's

---

notices to plaintiff's Florida address prior to June 2010.

[4] At least one Massachusetts court has held that negligent breach of contract is not a recognized cause of action in Massachusetts. See Ross v. Raytheon Co., No. 99-5530, 2001 WL 1455863, at *5 (Mass. Super. Ct. Nov. 1, 2001).

[5] See e.g., Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 396 (1991) ("In the absence of an express undertaking to "negotiate in good faith," courts have been reluctant to impose a common law duty to do so."), rev'd on other grounds, 412 Mass. 703 (1992).

4

"belie[f]" that the Bank has violated several laws, and then reserves the right to assert such claims after discovery. [6]

Counts 6-10 are styled as claims for "mortgage services fraud" for, among other things, "preying on the ignorance of the court and [plaintiff]" (Count 6), "manipulating account records" (Count 7), and "creating additional false deficiencies through a variety of questionable practices" (Count 8). At most, these counts—each of which is premised on the same alleged conduct by the Bank—state conclusory allegations; none meets the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).[7] Counts 12 and 16, for fraudulent representations and fraud, respectively, are similarly deficient.

### III. Conclusion

Defendant's Motion to Dismiss (Docket # 8) is ALLOWED without prejudice. The court will grant plaintiff leave to file a Second Amended Complaint within 14 days of this order; however, the court reminds plaintiff's counsel of her obligations under Fed. R. Civ. P. 11(b). Any complaint that is filed must comply with Rules 8 and 9 of the Federal

---

[6] Among the "statutory violations" plaintiff cites are 209 CMR 18.16(15) and Mass. Gen. Laws ch. 258, neither of which are viable causes of action here. There is no private right of action under 209 CMR 18.19(15). Ishaq v. Wachovia Mortgage, FSB, No. 09-11422, 2010 WL 1380386, at *4 (D. Mass. Apr. 2, 2010). Mass. Gen. Laws ch. 258 governs claims against a public employer, which the Bank is not. Mass. Gen. Laws ch. 258, §§ 1-2.

[7] "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). See also Watkins v. Life Science, Inc., 692 F.Supp.2d 170, 177 (D. Mass. 2010) ("[A]ny claim sounding in fraud must satisfy the requirements of the heightened pleading standard regardless of what label the pleader assigns to it.") (internal quotation marks omitted).

5

Rules of Civil Procedure and must only assert claims that are legally and factually viable. A lawsuit is not a game.

    September 30, 2011                                                        /s/Rya W. Zobel
          DATE                                                               RYA W. ZOBEL
                                                                      UNITED STATES DISTRICT JUDGE